UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ELLAREECE PETTY AND<br>SHAMICHAEL BURNS<br>Individually, and on behalf of others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br><br>OPEN ARMS HEALTHCARE AGENCY, INC., and<br>WILLIE GATEWOOD, Individually,<br><br><br><br>Defendants. | Case No._____<br><br>FLSA OPT-IN<br>COLLECTIVE ACTION<br><br><br>JURY TRIAL DEMANDED |

**FAIR LABOR STANDARDS ACT COMPLAINT**

Come Now the Plaintiffs, Ellareece Petty and ShaMichael Burns and brings this action on behalf of themselves and all others similarly situated, and sues Defendants Willie Gatewood, individually, and Open Arms Healthcare Agency, Inc. ("Open Arms"), alleging violations of the Fair Labor Standards Act (hereafter "FLSA") of 1938, 29 U.S.C. § 201 *et seq.* and related state law claims.

### 1.     INTRODUCTION

1.      The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of its employees subject to the Act, unless the employee receives

1

compensation for employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." Walling v. Helmerich & Payne, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. This lawsuit is brought against Willie Gatewood, individually, and Open Arms Healthcare Agency, Inc. (collectively "Defendants"), as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid wages, minimum wages, and overtime wages for Plaintiffs and other similarly situated employees who are members of a class as defined herein and currently or previously employed by Defendants.  The collective action claims are for overtime compensation, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. §§ 207, 216(b).

3. Defendants violated the FLSA in that they failed to pay Plaintiffs for all hours worked by not compensating them at the rate of time and one-half their regular rate of pay for all the hours worked over 40 hours in one workweek.  Plaintiffs bring this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.   JURISDICTION AND VENUE

4. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA wage and hour provisions.  Jurisdiction over Plaintiff's FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. This Court has subject matter jurisdiction pursuant to the FLSA of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, 1337.  This Court also has subject matter jurisdiction over any supplemental state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

6. This Court has personal jurisdiction over the Defendants, who are based in Shelby County, Tennessee.

7. Venue also lies in this District, pursuant to 28 U.S.C. § 1391 because the Defendants are subject to personal jurisdiction in this district, do business in this district, and/or a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

### III.   CLASS DESCRIPTION

8. Plaintiffs bring this action on behalf of the following similarly situated persons:

> All current and former hourly-paid employees employed in the United States who work or, have worked, for Defendants at any time during the applicable limitations period covered by this Complaint (*i.e.,* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are named as Plaintiffs or elect to opt-in to this action pursuant to FLSA, 29 U.S.C. § 216(b) ("the class").

### IV.   PARTIES

9. Plaintiff Ellareece Petty ("Petty") is an adult resident of Shelby County, Tennessee and has been employed by Open Arms as an hourly-paid employee during the relevant period herein. Plaintiff Petty's Consent to Become a Party-Plaintiff pursuant to 29 U.S.C. §2146(b) is attached hereto as Exhibit A.

10. Plaintiff ShaMichael Burns ("Burns") is an adult resident of Shelby County, Tennessee and has been employed by Defendant Open Arms as an hourly-paid employee during the relevant period herein. Plaintiff Burn's Consent to Become a Party-Plaintiff pursuant to 29

U.S.C. §2146(b) is attached hereto as Exhibit B.

11. Plaintiffs, and all others similarly situated, were "employees" of the Defendants as defined by Section 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three years preceding the filing of this lawsuit.

12. Defendant Open Arms is a Tennessee Corporation, currently operating home-health agencies located in Memphis, Shelby County, Tennessee and Desoto County, Mississippi. Open Arms has previously operated a home-health agency in Crittenden County, Arkansas. Defendant Open Arms can be served via its registered agent, Open Arms Healthcare Agency, Inc., 950 Mt. Moriah Road, Memphis, Tennessee 38117.  Open Arms is an enterprise engaged in interstate commerce under the FLSA and its regulations.

13. Defendant Willie Gatewood ("Gatewood") is an adult individual and resident of Memphis, Tennessee.  At all times relevant to this Complaint, she was the owner and operator of Open Arms and exercised operational control over all aspects of Open Arm's day-to-day functions and is therefore individually liable for any violation of the FLSA.  Defendant Gatewood may be served process at 2752 Mount Mariah Parkway, Memphis, Tennessee 38115.

14. Plaintiffs and "Class Members" are Defendants' current and former hourly-paid employees who were not paid for all hours worked and who were not paid overtime pay for overtime work as required by the FLSA

### V.   COVERAGE

15. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and Class Members.

16. At all times hereinafter mentioned, Defendants have been employers within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4

17. At all times hereinafter mentioned, Defendants have been enterprises within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18. At all times hereinafter mentioned, Plaintiffs and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–207 and in that said enterprises have had and have an annual gross volume of sales made or business done of not less than $500,000.00.

## VI.   ALLEGATIONS

19. Defendants own and operate a home-healthcare agency in Shelby County, Tennessee. Defendant Gatewood had knowledge of the uncompensated hours worked by Plaintiffs and Class Members but failed to provide proper redress or lawful pay for this excessive "off the clock" work., as required by the FLSA.  Defendant Gatewood exercised operational control over all aspects of Opens Arms and is, in whole or in part, responsible for the overtime and minimum wage violations at issue in this lawsuit.

20. Ms. Petty worked as a human resource assistant for Open Arms from January 2011 to January 2018.

21. Ms. Burns currently works as nursing aide for Open Arms and has worked for Open Arms since January 2016 to April 2018.

22. Plaintiffs and similarly situated employees would routinely work hours in excess of 40 hours per week but were not compensated for any overtime hours worked by Plaintiffs. Defendants would only pay Plaintiffs for 40 hours despite Plaintiffs working in excess of 40 hours per week.

23. Defendants are and/or have been the "employer" of Plaintiffs and those similarly situated during the relevant period herein, and within the meaning of 29 U.S.C. § 203(d).

24. Defendants employed Plaintiffs and those similarly situated and, and were responsible for setting pay and overtime rates, including overtime pay during the period of time in question.

25. Defendants have had a common plan, policy and practice of requiring and, suffering and permitting, hourly-paid employees and class members to work "off the clock" without being paid for such time; requiring and, suffering and permitting employees to work in excess of 40 hours per week but not paying them for their overtime hours worked, requiring and, suffering and permitting, employees to take work-related calls "off-the-clock" after business hours and on weekends without being paid for such time; and requiring and, suffering and permitting, employees to work during unpaid lunch breaks without being fully relieved of all such work duties during such unpaid lunch breaks.

26. To perform their duties, Plaintiffs and Class Members were often required to take "emergency calls" from home, stay late, or work on weekends. Because Plaintiff and Class Members were regularly scheduled to work at least 40 hours in a week, any additional work performed over 40 hours in one week should have been paid at overtime rates. Defendants did not pay Plaintiffs and Class Members time-and-one-half their regular rates of pay for hours they worked over 40 hours per week, even though they routinely worked more than 40 hours per week throughout the course of their employment. Defendants required Plaintiffs and Class Members to work many of these hours "off-the-clock."

27. The decisions regarding Plaintiffs' and other members of the class' compensation and other terms and conditions of employment were made through Gatewood.

28. At all times material to this action, Plaintiffs and those similarly situated are or, have been, "employees" of Defendants as defined by Section 203(e)(1) of the FLSA and, worked for

6

Defendants within the territory of the United States within three (3) years preceding the filing of this lawsuit.

29. Upon information and belief, Defendants constitute an "enterprise" under 29 U.S.C. § 203(r) because they are performing related activities for a common business purpose or are otherwise under common control or a unified operation.

30. At all times material to this action, Open Arms has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

31. Upon information and belief, the Defendants are enterprises covered under 29 U.S.C. §§ 203(r) and (s) because they engaged in interstate commerce during the Plaintiffs' employment.

32. The Defendants employ hourly-paid employees whose primary duties are to provide home healthcare services to patients.

33. Plaintiffs and all other similarly situated persons are current or former employees of Defendants.

34. Defendants employ a uniform time keeping system for tracking and reporting employee hours worked.

35. Hourly employees are paid only for the hours recorded on the uniform time keeping system.

36. Pursuant to Defendants' uniform policies and practices, Plaintiffs and other members of the class have been required and, suffered and permitted, to perform prescribed duties before, after, and during their regular shifts without being clocked-in to Defendants' timekeeping system.

37. As a result of Plaintiffs and other members of the class performing prescribed duties

before, after and during their shifts without being clocked-in to Defendants' timekeeping system, Defendants' timekeeping records do not reflect the total hours worked by Plaintiffs and other members of the class.

38. Also, as a consequence of Defendants' timekeeping records not reflecting actual hours worked for Plaintiffs and class members' "off-the-clock" work time, Plaintiffs and other members of the class who have worked in excess of forty (40) hours per week are entitled to receive overtime compensation for such work.

39. As a consequence of Defendants' timekeeping records not reflecting the actual hours worked, for their "off the clock" work time, Plaintiffs and other members of the class, who, as a result, will have been paid less than the applicable minimum wage rate required by Fair Labor Standards Act, are entitled to be compensated for all such work time.

40. The net effect of Defendants' uniform policy and practice of requiring and, suffering and permitting, Plaintiffs and other class members to work "off-the-clock" before, after and during their shifts is that Defendants willfully failed to pay Plaintiffs and other members of the class for all straight time work, minimum wages, and premium pay for overtime work in order to save payroll costs and payroll taxes. Defendants thereby enjoy ill-gained profits at the expense of their employees.

41. In addition to Defendants requiring and, suffering and permitting, Plaintiffs to work "off-the-clock' without pay, pursuant to Defendants' uniform policies and practices, Plaintiff and other members of the class have been required and, suffered and permitted, to perform work duties during unpaid lunch breaks without being fully relieved of such duties during such lunch breaks and, without being clocked-in to Defendants' electronic timekeeping system.

42. As a result of Plaintiffs and other members of the class performing work duties during

unpaid lunch breaks without being fully relieved of such duties during such lunch breaks and, without being clocked-in to Defendants' timekeeping system, Defendants' timekeeping records do not reflect the total hours worked by Plaintiffs and other members of the class.

43. Also, as a consequence of Defendants' timekeeping records not reflecting actual hours worked, when their "off-the-clock" lunch time is added to their recorded time, Plaintiffs and other members of the class who have worked in excess of forty (40) hours per week are entitled to receive overtime compensation for such work.

44. In addition and, as a consequence of Defendants' timekeeping records not reflecting the actual hours worked, when their "off-the-clock" lunch time is added to their recorded time, Plaintiff and other members of the class, who, as a result, will have been paid less than the applicable minimum wage rate required by Fair Labor Standards Act), are entitled to be compensated for all such work time.

45. The net effect of Defendants' uniform policy and practice of requiring and, suffering and permitting, Plaintiffs and other class members to work "off-the-clock" during unpaid lunch breaks is that Defendants willfully failed to pay Plaintiff and other members of the class for all straight time work, minimum wages, and premium pay for overtime work in order to save payroll costs and payroll taxes. Defendants thereby enjoy ill-gained profits at the expense of their employees.

46. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay all minimum wage and overtime compensation with respect to Plaintiffs and Class Members. Defendants received complaints from Plaintiffs and/or Class Members regarding these excessive hours and the failure to compensate for all hours worked but failed to redress these concerns, necessitating this lawsuit.

47. Although at this stage Plaintiffs are unable to state the exact amount owed to the class, Plaintiffs believes such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.

## VII.     COLLECTIVE ACTION ALLEGATIONS

48. Plaintiffs bring this action on behalf of themselves and the class as a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, and 216(b).

49. The claims under the Fair Labor Standards Act may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

50. The other members of the class are so numerous that joinder of all other members of the class is impracticable. The exact number of the other members of the class is unknown to Plaintiffs at this time and can only be ascertained through applicable discovery.

51. The claims of Plaintiffs are typical of the claims of the class. Plaintiffs and the other members of the class work or have worked for Defendants at Open Arms and were subject to the same operational, compensation, and timekeeping policies and practices during the relevant period herein, including not being paid for all hours worked or, for wages which were owed to them.

52. Common questions of law and fact exist as to the class which predominate over any questions only affecting them individually and include, but are not limited to, the following:

- Whether Plaintiffs and other members of the class were required to work "off the clock" without compensation;

- Whether Defendants suffered and permitted Plaintiffs and other members of the class to work "off the clock" without compensation;

- Whether Defendants required Plaintiffs and other class members to perform work during unpaid lunch periods without being fully relieved of their job duties during such time;

- Whether Defendants suffered and permitted Plaintiffs and other class members to perform work during unpaid lunch periods without being fully relieved of their job duties during such time;

- Whether Defendants failed to pay Plaintiffs and other class members all applicable straight time wages for all compensable hours for "off the clock" work, and/or for unpaid lunch periods without being fully relieved from job duties;

- Whether Defendants failed to pay Plaintiffs and other class members all overtime compensation due them for all compensable hours in excess of forty (40) hours per week, whether for "off the clock" work and/or for unpaid lunch periods without being fully relieved from job duties;

- Whether Defendants required Plaintiffs and other class members to perform work on their off days or over the weekend without being compensated;

- Whether Defendants suffered and permitted Plaintiffs and other class members to perform work on their off days or over the weekend without being compensated;

- Whether Defendants failed to pay Plaintiffs and other class members at least at the applicable minimum wage rate for all compensable time, whether for "off the clock" work and/or for unpaid lunch periods without being fully relieved from job duties;

- The correct statutes of limitations for Plaintiffs' claims and the claims of the other members of the class;

- Whether Plaintiffs and other members of the class are entitled to damages, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether Defendants are liable for attorneys' fees, interest, expenses and costs.

53. Plaintiffs and Class Members were subjected to the same pay provisions and violations in that they were employed as hourly-paid workers not compensated for all hours worked and not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek.

54. Defendants' failure to compensate employees for all hours worked and hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice of paying only regular time for overtime hours and requiring employees to work "off-the-clock." This

policy or practice was applicable to Plaintiffs and Class Members. Application of this policy or practice does not depend on the personal circumstances of Plaintiffs or those joining this lawsuit. Rather, the same policy or practice, which resulted in the non-payment of overtime and all hours worked, that applied to Plaintiffs applied to all Class Members.

55. Defendants were aware of its obligation to pay overtime to Plaintiffs and Class Members and failed to do so. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and Class Members.

56. Plaintiffs will fairly and adequately protect the interests of the class as their interest is aligned with those of the other members of the class. Plaintiffs have no interest adverse to the class and have retained competent counsel who is experienced in collective action litigation.

57. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual class members in a collective action are relatively small in comparison to the expenses, costs, and burden of litigating individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

58. Plaintiffs and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented and enforced by Defendants.

## COUNT I
## FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA
**(On Behalf of the Class)**

59. Plaintiffs, on behalf of themselves and the class, repeat and re-allege Paragraphs 1 through 58 above, as if they were fully set forth herein.

60. At all relevant times, Defendants have been and continue to be an employer engaged in interstate commerce within the meaning of the FLSA U.S.C. §§ 206(a) and 207(a).

61. At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the other members of the class within the meaning of the FLSA.

62. At all times relevant, Defendants have had a uniform policy and practice of willfully failing to pay Plaintiffs and other members of the class for all hours worked, for all waiting time while being required to remain on company premises, for all break times of less than 20 minutes and, for unpaid lunch breaks during which they were not fully relieved from their job duties.

63. As a result of Defendants' willful failure to compensate Plaintiffs and other members of the class, the applicable federal minimum wages for all hours worked and for unpaid lunch breaks during which they were not fully relieved of their job duties, Defendants' have violated and continue to violate the FLSA, 29 U.S.C. § 201, *et seq*.

64. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

65. Due to Defendants' FLSA violations, Plaintiffs, on behalf of themselves and the other members of the class, are entitled to recover compensation from Defendants for unpaid wages, for unpaid work after hours and on weekends, and for unpaid lunch breaks during which they were not fully relieved from their job duties an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action under 29 U.S.C. § 216(b).

## COUNT II
## <u>FAILURE TO PAY OVERTIME IN ACCORDANCE WITH THE FLSA</u>
**(On Behalf of the Class)**

66. Plaintiffs, on behalf of themselves and other members of the class, repeat and re-allege

Paragraphs 1 through 65 above as if they were set forth herein.

67. At all times relevant herein, Defendants have been and continue to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

68. At all times relevant herein, Defendants employed, and/or continue to employ, Plaintiff and each of the other members of the class within the meaning of the FLSA.

69. During the relevant period, Defendants have violated and are violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiffs and Class Members in accordance with the law.

70. At all times relevant herein, Defendants have had a uniform policy and practice of willfully failing to pay Plaintiffs and other members of the class appropriate overtime compensation for all work time, for working after business hours and on weekends and for unpaid lunch breaks during which they were not fully relieved from their job duties in excess of forty hours per week.

71. As a result of Defendants' willful failure to compensate Plaintiffs and other members of the class, the applicable federal minimum wage for all time worked and for unpaid lunch breaks during which they were not fully relieved from their job duties at a rate not less than one and one-half times the regular rate of pay for all such time in excess of forty hours per work week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. § 255(a).

72. Due to Defendants' FLSA violations, Plaintiffs and the other members of the class are entitled to recover compensation from Defendants for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action under FLSA, 29 U.S.C. § 216(b).

### COUNT III
### FAILURE TO PAY MINIMUM WAGES IN ACCORDANCE WITH THE FLSA
**(On Behalf of the Class)**

73. Plaintiffs, on behalf of themselves and other members of the class, repeat and re-allege Paragraphs 1 through 72 above as if they were fully set forth herein.

74. At all times relevant, Defendants have been and continue to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

75. Pursuant to Defendants' uniform compensation policies, they have failed to pay Plaintiffs and other members of the class the applicable minimum wage as required by the FLSA.

76. Because of Defendants' failure to pay Plaintiffs and other members of the class for all work time, for working after business hours and on weekends and for unpaid lunch breaks during which they were not full relieved of their job duties, Plaintiff and other members of the class have not received wages equal to or in excess of the applicable minimum wage as required by the FLSA.

77. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

78. Plaintiffs and the other members of the class are therefore entitled to compensation for unpaid wages and unpaid minimum wages at an hourly rate required by the FLSA plus applicable overtime compensation and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS pray for the following relief:

A. Authorization to issue notice pursuant to 29 U.S.C. §216(b) at the earliest possible time to all current and former employees during the three (3) years immediately preceding the filing of this action, informing them that this action has been filed, of the nature of the action, and of their right to opt into this lawsuit if they were not paid for work they were forced to complete following their required clock out time;

B. A declaratory judgment that Defendants have violated the compensation provisions of the FLSA, 29 U.S.C. § 206, as to Plaintiffs and similarly situated persons who opt into this action;

C. A declaratory judgment that Defendants' violations of the FLSA were willful;

D. An award to Plaintiffs and others similarly situated who opt into this action of damages in the amount of unpaid compensation to be proven at trial, which may include overtime in some cases;

E. An award to Plaintiffs and others similarly situated who opt into this action of interest and liquidated damages in an amount equal to the compensation shown to be owed to them pursuant to 29 U.S.C. §216(b);

F. An award to Plaintiffs and others similarly situated who opt into this action of reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b);

G. An order certifying the Rule 23 Class, appointing Plaintiffs as the representative of the Class, and appointing counsel for Plaintiffs as Class Counsel;

H. An award of compensatory and economic damages in an amount to be proven at trial;

I. An award of consequential and incidental damages in an amount to be proven at trial;

J. An award of pre- and post-judgment interest; and

K. An award of such other and further legal and equitable relief as may be appropriate.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues so triable.

Dated: February 11, 2019.

                                            Respectfully submitted,

                                            s/ William A. Wooten
                                            William A. Wooten (TN BPR#26674)
                                            Wooten Law Office
                                            120 Court Square East
                                            Covington, TN 38019
                                            Tel: (901) 475-1050
                                            Fax: (901) 475-0032
                                            *wawooten@gmail.com*

                                            *Attorneys for Named Plaintiffs, on behalf of*
                                            *themselves and all other similarly situated current*
                                            *and former employees*